UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: **Paul Williams** , Debtor. / | CHAPTER 13<br>CASE NO: **14-49701**<br>JUDGE **Mark A. Randon** |

## ORDER CONFIRMING PLAN

The Debtor's Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 USC §1325(a) are met.

Therefore, IT IS HEREBY ORDERED that the Debtor's Chapter 13 plan, as last amended, if at all, is confirmed.

IT IS FURTHER ORDERED **that BABUT LAW OFFICES, PLLC, attorney for the Debtor, shall file a fee application for all fees and costs.**

IT IS FURTHER ORDERED that the Debtor shall maintain all policies of insurance on all property of the Debtor and this estate as required by law and contract.

All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 USC §502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

IT IS FURTHER ORDERED as follows: [*Only provisions checked below apply*]

☒ The Debtor's shall remit 100 % of all tax refunds to which the Debtor is entitled during pendency of the case and shall not alter withholdings without Court approval.

☒ The Debtors' Plan shall continue for no less than 36 months.

☒ Other: In the event that the Debtor fails to make any future Chapter 13 Plan payment, the Trustee may submit a notice of Default, served upon the Debtor and the Debtor's counsel and permitting 30 days from the service of the notice in which to cure any and all defaults in payments. If the Debtor fails to cure the defaults in payments after having been provided with notice under the provisions of this order, then the Trustee may submit an Order of Dismissal to the Bankruptcy Court along with an affidavit attesting to a failure to make plan payment, and the proceedings may be thereafter dismissed without a further hearing, or notice.

☒ Other: The stipulation between the Debtor and Creditor Jong-Mann Miin filed with the Court resolves any potential claim the Debtor has against his former landlord that was listed in Schedule B, and exempted in Schedule C. The Debtor, however, reserves his right to assert any claims he may have against his landlord if his Chapter 13 plan fails.

☒ Ford Credit shall have a fully secured Class 5.1 claim for the 2010 Ford F150 to be paid at 6% interest with monthly payments of $426.12. Ford is not required to file an amended Proof of claim pursuant to LBR 4001-c.

☒ Debtor will provide 100% of his profit sharing.

**Objections Withdrawn**

For Creditor   /s/ Michael P. Hogan (P63074)
                **Attorney for Ford Credit**

For Creditor _____

Approved:

| | |
|---|---|
| /s/ Maria Gotsis | /s/ Thomas Paluchniak |
| Krispin Carroll | **Thomas Paluchniak P70284** |
| Chapter 13 Standing Trustee | Attorney for Debtor |
| 719 Griswold Street, Suite 1100 | Babut Law Offices, PLLC |
| Detroit, MI 48226 | 700 Towner Street |
| (313) 962-5035 | Ypsilanti, MI |
| | (734) 485-7000 |
| | tpaluchniak@babutlaw.com |

```
Signed on December 20, 2014
                                              /s/ Mark A. Randon
                                         Mark A. Randon
                                         United States Bankruptcy Judge
```

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy